23176

In the Matter of James L. GOLDSMITH, Jr., Respondent.
(389 S. E. (2d) 869)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Thomas J. Quinn,* Beaufort, *for respondent.*

Submitted Jan. 29, 1990.

Decided March 12, 1990.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits the material allegations against him and consents to disbarment. We accept respondent's admission and disbar him. The facts surrounding these matters are as follows:

## Bank of Travelers Rest Matter

In October 1986, respondent applied with the Bank of Travelers Rest to refinance an existing first mortgage and satisfy three (3) outstanding personal loans. At his request, respondent's law firm was to handle the loan closing, and the Bank's check for $72,500 was deposited in the law firm's trust account. In November 1986, respondent wrote two checks to himself from the trust account. The checks totalled $57,000 and represented the amount needed to satisfy the existing first mortgage. Respondent used this money for his own personal benefit and never paid off the first mortgage. Respondent did use the remainder of the funds to satisfy the personal loans. As a result of respondent's misappropriation of funds and subsequent default in payments, the Bank of Travelers Rest foreclosed on the property and obtained a deficiency judgment against respondent.

## South Carolina National Bank Matter

In June 1987, respondent contacted South Carolina National Bank (SCN) to obtain a loan to refinance some commercial property he owned. He told SCN officials the property had only one outstanding mortgage. In fact, the property was subject to a second mortgage. The loan was approved on the express condition that SCN be granted a first mortgage on the property. When the loan was approved, respondent requested that his law firm handle the loan closing. In August 1987, $148,500 was deposited in respondent's law firm's trust account. Respondent misappropriated these funds for his own personal use. Respondent paid $95,400.61 as a down payment on a house, diverted $22,735.42 for his personal use, and used the remaining funds to satisfy the second mortgage on the property. The first mortgage on the property was not satisfied. After respondent defaulted on the loan, SCN obtained a judgment against respondent.

In June 1989, respondent pled guilty in Federal District Court to making a materially false statement in applying for the loan from SCN. *See* 18 U. S. C. A. § 1014 (West Supp. 1989). This conviction constitutes a "serious crime" as defined in Paragraph 2(P) of the Rule on Disciplinary Procedure.

Respondent has failed to properly preserve the identity of funds received from the banks, failed to use those funds to pay off the mortgages intended, and misappropriated those funds to his own use in violation of DR 1-102(A)(4); engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(6); and engaged in conduct which adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6). Respondent has also been convicted of a "serious crime" as defined in the Rule of Disciplinary Procedure. In our opinion, this misconduct shows that respondent is unfit to practice law and warrants his disbarment.

It is therefore ordered that respondent be disbarred from the practice of law in this State. The effective date of disbarment is retroactive to April 5, 1989. Respondent shall file an affidavit with the Clerk, within fifteen (15) days of service of this opinion, showing he has fully complied with the provisions of Paragraph 30 of the Rule on Disciplinary Procedure.

Disbarred.